# 14-3201

## United States Court of Appeals
## for the Second Circuit

DONALD M. THEA, DEBORAH L. THEA,

*Plaintiffs-Appellants*,

v.

NEIL C. KLEINHANDLER, As Trustee of the Frederica Fisher Thea
Revocable Trust, NEW SCHOOL UNIVERSITY, ERIC T. SCHNEIDERMAN,
Attorney General of the State of New York,

*Defendants-Appellees*.

On Appeal from the United States District Court
for the Southern District of New York

## BRIEF FOR APPELLEE ATTORNEY GENERAL
## OF THE STATE OF NEW YORK

ERIC T. SCHNEIDERMAN
*Attorney General of the
State of New York*

BARBARA D. UNDERWOOD
*Solicitor General*
CLAUDE S. PLATTON
JASON HARROW
*Assistant Solicitors General
of Counsel*

120 Broadway
New York, New York 10271
(212) 416-8025

Dated: December 2, 2014

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES.....................................................................iii

PRELIMINARY STATEMENT.............................................................. 1

ISSUES PRESENTED ........................................................................... 3

STATEMENT OF THE CASE ................................................................ 4

    A.   Factual Background ................................................................ 4

    B.   Prior Proceedings ................................................................. 6

STANDARD OF REVIEW..................................................................... 9

SUMMARY OF ARGUMENT .............................................................. 10

ARGUMENT ...................................................................................... 11

    THE THEAS' CLAIMS ARE TIME-BARRED............................. 11

        A. Under New York's Borrowing Statute, California
        or Massachusetts Law Applies to All of Plaintiffs'
        Claims.................................................................................. 11

            1.  The Theas' claims are governed by statutes of
            limitations under California and Massachusetts
            law......................................................................... 12

            2.  The Theas' arguments for disregarding New
            York's borrowing statute are meritless.................. 15

        B. The Claim Is Untimely Under California and
        Massachusetts Law.................................................................... 19

            1.  The estate's and Deborah Thea's claims are
            untimely under California Law.............................. 20

i

# TABLE OF CONTENTS (cont'd)

**Page**

2. The suit is also untimely under Massachusetts law....................................................................... 26

C. The Theas Cannot Invoke Equitable Estoppel To Avoid The Statutes of Limitations............................... 29

1. Equitable estoppel does not apply under California law. ............................................................ 29

2. Equitable estoppel is also unavailable under Massachusetts law.................................................... 32

CONCLUSION ..................................................................... 35

# TABLE OF AUTHORITIES

**Cases**                                             **Page(s)**

*Abbas v. Dixon,*
  480 F.3d 636 (2d Cir. 2007) ................................................................ 30

*Allen v. Stoddard,*
  212 Cal. App. 4th 807 (2013) ...................................................... 25, 26

*BPP Ill., LLC v. Royal Bank of Scotland Grp., PLC,*
  No. 13-CV-0638, 2013 WL 6003701 (S.D.N.Y. Nov. 13, 2013) ........... 18

*Cantor Fitzgerald Inc. v. Lutnick,*
  313 F.3d 704 (2d Cir. 2002) ............................................. 12, 13, 14, 29

*Castaneda v. Dep't of Corr. & Rehab.,*
  212 Cal. App. 4th 1051 (2013) .......................................................... 31

*Chiste v. Hotels.com L.P.,*
  756 F. Supp. 2d 382 (S.D.N.Y. 2010) ................................................ 18

*City of N.Y. v. Grp. Health Inc.,*
  649 F.3d 151 (2d Cir. 2011) ............................................................ 9, 10

*Deitrick v. Hayward,*
  304 Mass. 623 (1939) ........................................................................ 33

*Estate of Ziegler,*
  187 Cal. App. 4th 1357 (2010) ........................................ 22, 23, 24, 25

*Ferraro v. Camarlinghi,*
  161 Cal. App. 4th 509 (2008) ...................................................... 21, 22

*Flannery v. Flannery,*
  429 Mass. 55 (1999) .......................................................................... 28

*Gates v. Reilly,*
  453 Mass. 460 (2009) .................................................................. 28, 33

## TABLE OF AUTHORITIES (cont'd)

**Cases**                                               **Page(s)**

*Global Fin. Corp. v. Triarc Corp.*,
93 N.Y.2d 525 (1999) .................................................................. 13, 14

*GMAC Mort., LLC v. First Am. Title Ins. Co.*,
464 Mass. 733 (2013) ......................................................................... 28

*In re Estate of Grabowski*,
444 Mass. 715 (2005) .................................................................. 33, 34

*In re Peters*,
34 A.D.3d 29 (1st Dep't 2006) .......................................................... 16

*Knipe v. Skinner*,
999 F.2d 708 (2d Cir. 1993) .............................................................. 27

*Lefkowitz v. Bank of N.Y.*,
528 F.3d 102 (2d Cir. 2007) ................................................................ 7

*Liberty Synergistics Inc. v. Microflo Ltd.*,
718 F.3d 138 (2d Cir. 2013) .............................................................. 11

*Matter of McLaughlin*,
78 A.D.3d 1304, 1306 (3d Dep't 2010) .............................................. 16

*Matter of Thomas*,
28 Misc. 3d 300 (Sur. Ct. Broome County 2010) ............................... 16

*Maxwell-Jolly v. Martin*,
198 Cal. App. 4th 347 (2011) ...................................................... 21, 25

*McMackin v. Ehreheart*,
194 Cal. App. 4th 128 (2011) ................................................ 20, 23, 29

*Mills v. Forestex Co.*,
108 Cal. App. 4th 625 (2003) ........................................................... 30

# TABLE OF AUTHORITIES (cont'd)

**Cases**                                                                                    **Page(s)**

*Palm Beach Strategic Income, LP v. Salzman,*
 457 F. App'x 40 (2d Cir. 2012) ............................................................. 17

*Portfolio Recovery Associates, LLC v. King,*
 14 N.Y.3d 410 (2010) .................................................................. 12, 19

*RA Global Servs., Inc. v. Avicenna Overseas Corp.,*
 817 F. Supp. 2d 274 (S.D.N.Y. 2011) ............................................... 13-14

*Stewart v. Seward,*
 148 Cal. App. 4th 1513 (2007) ............................................................. 22

**Federal Laws**

28 U.S.C. § 1332 ............................................................................. 13

28 U.S.C. § 1652 ............................................................................. 11

**State Laws**

C.P.L.R. 202 ................................................................................... 12

Estates, Powers and Trusts Law
 § 7-3.1 ....................................................................................... 17
 § 8-1.1 ...................................................................................... 1, 7
 § 8-1.4 ........................................................................................ 7

Cal. Civ. Proc. Code § 366.3 ......................................................... 10, 20

Mass. Gen. Laws ch. 190B § 3-803 ................................................. 27, 32

**Miscellaneous Authorities**

Vincent C. Alexander, Practice Commentaries,
 C.P.L.R. 7101, 7B McKinney's Cons. Laws of N.Y. (West 2014) ....... 16

Margaret Valentine Turano, Practice Commentaries,
 EPTL § 7-3.1, 17B McKinney's Cons. Laws of N.Y. (West 2014) ...... 17

## PRELIMINARY STATEMENT

The Attorney General submits this brief in his capacity as the statutory representative of the ultimate beneficiaries of charitable gifts, *see* N.Y. Estates, Powers and Trusts Law (EPTL) § 8-1.1(f), to urge affirmance of the judgment of the United States District Court for the Southern District of New York (Castel, J.). The court dismissed as untimely the claims of plaintiffs Donald and Deborah Thea ("the Theas") against Neil Kleinhandler, the trustee of an irrevocable trust created by Frederica Thea, the Theas' late stepmother; The New School, an educational institution that is the beneficiary of the trust; and the New York Attorney General. The court correctly held that, in this diversity action, New York's choice-of-law rules call for application of a one-year statute of limitations to all of the Theas' claims. Because the Theas did not bring suit until more than a year after their claim accrued—upon the death of their stepmother—their claims are all time barred.

The Theas are the only children of Stanley Thea. Stanley and his third wife, Frederica Fisher Thea—the Theas' stepmother—entered into an agreement to execute wills providing that the property of the first-deceased spouse would pass to the surviving spouse and, upon the

surviving spouse's death, would pass to the Theas as Stanley's only children. Stanley died before Frederica, and most of the property in his estate, including an apartment in New York, passed to Frederica. Several years later, Frederica created a revocable trust and transferred the apartment and other assets to the trust. She died in 2012.

The Theas allegedly did not learn that their stepmother had died until more than one year after her death. Soon thereafter, they filed this action in federal district court in New York, alleging that Frederica had "defeat[ed] the intent" of her agreement with Stanley to make mutual wills by transferring her assets into a trust with a remainder interest in The New School. The district court dismissed the case for lack of standing and denied leave to amend as futile because the suit was out of time under California law.

This Court should affirm. The Theas' have attempted to bring claims both in their capacity as the representatives of Frederica's estate and as the third-party beneficiaries of the agreement between Stanley and Frederica to make wills containing certain provisions, but both sets of claims are time-barred. Under New York choice-of-law principles, which govern in this diversity action, all of the claims are governed

2

either by the law of California, where the estate allegedly suffered an economic loss and where Deborah Thea resides, or by the law of Massachusetts, where Donald Thea resides. In the interest of finality, California law applies a one-year statute of limitations broadly to all types of actions premised on a decedent's contract to make a will, and that limitation period applies to all of the claims that the Theas assert here. Massachusetts law is to the same effect. And, as the district court correctly determined, plaintiffs failed to allege any circumstances that might justify application of equitable estoppel to toll the statutes of limitations in this case, because Kleinhandler owed them no duty to take affirmative steps to inform them of Frederica's death.

## ISSUES PRESENTED

In this diversity suit, (1) do New York's choice-of-law rules require application of the statutes of limitations of California and Massachusetts because those are the States in which the alleged economic losses were felt, (2) are plaintiffs' claims time-barred because California and Massachusetts law impose a one-year limitation period on claims, like those here, arising from a decedent's contract to make a will, and

3

plaintiffs undisputedly did not bring suit until more than one year after their claims accrued, and (3) have plaintiffs failed to allege a factual basis to invoke equitable estoppel under California or Massachusetts law to avoid application of statutes of limitation to their claims?

## STATEMENT OF THE CASE

### A. Factual Background

Plaintiffs Donald and Deborah Thea are the only children of Stanley Thea and his first wife. (Joint Appendix (J.A.) 225.) In 1985, Stanley married Frederica Fisher Thea, who became his third wife. (J.A. 235.) Stanley and Frederica had no children together. In 1995, Stanley and Frederica entered into an agreement to execute wills providing that (a) the surviving spouse would receive the deceased spouse's property, and (b) upon the surviving spouse's death, the surviving spouse's property would pass to the Theas, as Stanley's only children.[1] (J.A. 225–26; *see also* J.A. 39.) Both Stanley and Federica executed wills containing the terms required by their agreement.

---

[1] The agreement was amended in 1996 in a way that does not affect this case. (J.A. 225.)

(J.A. 227.) When Stanley died, in 1998, most of the property in his estate, including an apartment in New York, passed to Frederica according to the terms of his will. (J.A. 227–228.)

In 2002, Frederica created a revocable trust and transferred the New York apartment and other assets to the trust. (J.A. 229–230.) Frederica and her attorney, Kleinhandler, were designated as the trust's co-trustees. (J.A. 230.) The New School, a nonprofit educational institution based in New York City, was designated as the sole remainder beneficiary of the trust, and so was entitled to receive the trust's remaining assets upon Frederica's death. (J.A. 224.) In 2007, the trust sold the New York apartment and purchased a house in Monterey, California, where Frederica then lived. (J.A. 231.)

Frederica died in the California house on February 4, 2012, of an apparent suicide. (J.A. 231.) She left a suicide note in which she requested that law-enforcement officials notify Kleinhandler and one other person of her death. (J.A. 185.) According to the complaint, Kleinhandler did not inform the Theas of their stepmother's death (J.A. 231), and they allegedly did not learn of it until over a year later, in May 2013 (Appellants' Br.

("Br.") at 53 n.7). The complaint does not disclose how and from whom plaintiffs ultimately learned of Frederica's death.

## B.  Prior Proceedings

In July 2013, nearly eighteen months after Frederica's death, the Theas filed a complaint in the U.S. District Court for the Southern District of New York, naming Kleinhandler as the sole defendant. (J.A. 12–13.) The complaint alleged that Frederica had "defeat[ed] the intent of the [a]greement" with Stanley to make mutual wills by transferring her assets into a trust with a remainder interest to The New School. (J.A. 16.) The Theas asked the court to impose a constructive trust on the trust assets, to order an accounting, and to declare that Frederica's transfer of assets to the trust violated the agreement. (J.A. 18–21.) Plaintiffs invoked the court's diversity jurisdiction, alleging that Donald Thea is a citizen of Massachusetts, Deborah Thea is a citizen of California, and Kleinhandler is a citizen of New York.[2] (J.A. 12–13.)

---

[2] Later, the district court asked the parties to address whether the "probate exception" to diversity jurisdiction required this case to be brought in state court. The parties and the court agreed that the exception did not divest the court of jurisdiction. *See* Letter from B.

(continued on the next page)

Following limited discovery, the Theas amended their complaint to add two additional defendants: The New School, as the remainder beneficiary of the revocable trust, and the New York State Attorney General.[3] (J.A. 94.) Kleinhandler and The New School moved to dismiss the amended complaint for lack of standing, among other reasons. The district court (Castel, J.) granted the motion and dismissed the complaint without prejudice. (SPA 1.) The court determined that an action to declare that the assets in the trust should have been part of

---

Turkle to Hon. Kevin P. Castel (ECF No. 6). The probate exception was recently narrowed by the Supreme Court, and now "so long as a plaintiff is not seeking to have the federal court administer a probate matter or exercise control over a *res* in the custody of a state court, if jurisdiction otherwise lies, then the federal court may, indeed must, exercise it." *Lefkowitz v. Bank of N.Y.*, 528 F.3d 102, 106 (2d Cir. 2007). Because the issues in this case are not purely probate matters, the probate exception does not defeat jurisdiction.

[3] Plaintiffs sued the Attorney General on the basis of the New York statute providing that the Attorney General is a proper party to certain lawsuits that affect the powers and responsibilities of nonprofit organizations like The New School. *See* EPTL § 8-1.4(m) ("No court shall modify or terminate the powers and responsibilities of any trust, corporation or other trustee unless the attorney general is a party to the proceeding."). Although that provision is inapplicable here, the Attorney General appears in his capacity as statutory representative of the beneficiaries of "dispositions for religious, charitable, educational or benevolent purposes." *See* EPTL § 8-1.1(f).

the estate (and distributed to the Theas) would have to be brought by the estate itself. (SPA 7.) Because the estate was not a party to the suit, the court determined that it could not adjudicate the plaintiffs' claims. (*Id.*) The court noted, however, that the case could possibly continue if the plaintiffs amended their complaint to assert claims on behalf of the executor or administrator of the estate. (SPA 9.)

Soon thereafter, a California probate court issued the Theas letters of special administration for Frederica's estate that authorized them to act on the estate's behalf. (J.A. 221.) They then moved to amend the complaint and filed a proposed second amended complaint that contained claims by the Theas in both their individual capacity and in their capacity as representatives of Frederica's estate. (J.A. 223.) In particular, the proposed complaint contained: (1) requests by the Theas in their individual and representative capacities for declarations that the agreement was violated and that the transfers of assets to the trust were null and void; (2) a claim by the Theas as alleged "creditors of a trust" to invalidate the transfer; (3) a claim by the Theas in both capacities to create a constructive trust on the trust assets for their benefit; (4) a claim

8

for equitable accounting, brought in all capacities; and (5) a claim for breach of fiduciary duty against Kleinhandler only. (J.A. 234–242.)

The court denied the motion to amend. It again rejected the Theas' claims in their individual capacities on the same grounds that it had dismissed them in its prior ruling. (SPA 20.) It further held that all of the Thea's claims on behalf of the estate were time-barred because they were governed by California's one-year statute of limitations that applies to actions relating to contracts with decedents regarding distributions from estates. (SPA 23, citing Cal. Civ. Proc. Code § 366.3.) Because the case was not brought until after the one-year limitations period expired, and the Theas did not allege sufficient facts to allow a court to conclude that equitable estoppel could extend their time to file, the claims were untimely. (SPA 25.)

## STANDARD OF REVIEW

This Court "review[s] a district court's denial of a motion to amend under the abuse of discretion standard." *City of N.Y. v. Grp. Health Inc.*, 649 F.3d 151, 156 (2d Cir. 2011) (quotation marks omitted). A "district court abuses its discretion when it bases its ruling on an incorrect legal

9

standard or on a clearly erroneous assessment of the facts." *Id.* (quotation marks omitted).

## SUMMARY OF ARGUMENT

The district court correctly held that the Theas' claims are time barred. Under New York's choice-of-law rules, which apply here, the statute of limitations for the claims is the shorter of the limitation period under New York law or the law of the State where the claims accrued. As the district court determined, the claims asserted by the Theas in their capacity as representatives of Frederica's estate accrued in California, and are time-barred under California's shorter one-year statute of limitations for actions that are based on a "promise or agreement with a decedent." Cal. Civ. Proc. Code § 366.3. Moreover, the claims asserted by Donald and Deborah Thea in their individual capacities are time barred under the applicable one-year statutes of limitations of their States of domicile— Massachusetts and California, respectively.

Finally, the Theas have alleged no facts that could conceivably justify application of equitable estoppel, or any other equitable doctrine, to extend the statutes of limitations. Rather, based on the facts in their

10

complaint, the Theas failed to file a timely suit because they simply lost touch with their stepmother and were unaware that she had passed away. Thus, the district court properly denied the Theas' motion to amend their complaint, and this Court should affirm the entry of judgment in favor of the defendants.

## ARGUMENT

## THE THEAS' CLAIMS ARE TIME-BARRED

### A. Under New York's Borrowing Statute, California or Massachusetts Law Applies to All of Plaintiffs' Claims.

In a diversity case such as this, determining the governing law requires a two-step process. *See* 28 U.S.C. § 1652. First, the federal court "appl[ies] the choice-of-law rules of the state in which that court sits to determine the rules of decision that would apply if the suit were brought in state court." *Liberty Synergistics Inc. v. Microflo Ltd.*, 718 F.3d 138, 151 (2d Cir. 2013). The choice-of-law analysis here is governed by the law of New York, the forum state. Second, having determined which State's choice-of-law rules apply, the federal court applies the rules of decision of that State that are considered "substantive" for purposes of federal law, *id.* at 151–52—a category that includes statutes

11

of limitations, *Cantor Fitzgerald Inc. v. Lutnick*, 313 F.3d 704, 710 (2d Cir. 2002). Thus, this Court applies the statute of limitations that a New York state court would apply if the case were brought in state court. As explained below, a New York state court would apply the statutes of limitations under California or Massachusetts law to each of the Theas' claims.

> **1.** **The Theas' claims are governed by statutes of limitations under California and Massachusetts law.**

Under New York law, the statute of limitations for claims asserted by nonresident plaintiffs like the Theas is governed by C.P.L.R. 202. Under that provision, known as a "borrowing statute," a "case filed by a non-resident plaintiff requires application of the shorter statute of limitations period, as well as all applicable tolling provisions, provided by either New York or the state where the cause of action accrued." *Cantor Fitzgerald*, 313 F.3d at 710. The purpose of C.P.L.R. 202 is to "prevent forum shopping by nonresidents attempting to take advantage of a more favorable statute of limitations in this state." *Portfolio Recovery Associates, LLC v. King*, 14 N.Y.3d 410, 418 (2010).

Deborah and Donald Thea are, respectively, citizens of California and Massachusetts (J.A. 223–224), and in their role as administrators of the estate of Frederica Thea, they are both deemed to be citizens of California, where Frederica lived when she died (J.A. 224); *see also* 28 U.S.C. § 1332(c)(2) (providing that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent"). Accordingly, to determine which State's statute of limitations applies—either California or Massachusetts on the one hand, or New York on the other—the Court must first identify, under New York law, in what State the claims accrued. *Global Fin. Corp. v. Triarc Corp.*, 93 N.Y.2d 525, 528 (1999).

"New York follows 'the traditional definition of accrual—a cause of action accrues at the time and in the place of the injury.'" *Cantor Fitzgerald*, 313 F.3d at 710 (quoting *Global Fin. Corp.*, 93 N.Y.2d at 528). As this Court has recognized, under C.P.L.R. 202, when "the "'injury is purely economic, the place of injury usually is where the plaintiff resides and sustains the economic impact of the loss.'" *Id.* (quoting *Global Fin. Corp.*, 93 N.Y.2d at 528); *see also RA Global Servs., Inc. v. Avicenna Overseas Corp.*, 817 F. Supp. 2d 274, 282 (S.D.N.Y.

13

2011) (same, collecting recent New York cases). This analysis specifically applies to actions based on breach of contract, such as those alleged here. *Global Fin. Corp.*, 93 N.Y.2d at 528.

All of the Theas' claims brought as estate administrators assert economic injuries to the estate, and thus accrued in California, where the estate felt the economic impact of the loss. *See id.* The injuries asserted by the Theas individually are also all purely economic: the loss of an inheritance to which they claim to be entitled. (J.A. 234–242.) Accordingly, Deborah's individual claims accrued in California, where she resides, and Donald's individual claims accrued in Massachusetts, where he resides. (J.A. 223–224.) Under New York's borrowing statute, then, the statutes of limitations of these States will apply if they are shorter than the corresponding limitations period under New York law. *Cantor Fitzgerald*, 313 F.3d at 710. As between the law of these States and New York, the out-of-state limitations periods are shorter than New York's, which does not have a one-year-from-death limitations provision that operates similarly to the laws in California or Massachusetts. Thus, this Court must apply the relevant California or Massachusetts statute of limitations. *Id.*

14

**2.   The Theas' arguments for disregarding New York's borrowing statute are meritless.**

The Theas do not dispute that their injury is essentially economic under the claims they have alleged. Nor have they discussed, much less attempted to distinguish, the relevant law from this Court or the New York Court of Appeals requiring application of New York's borrowing statute to their claims. Instead, they make two arguments for why the Court should apply New York's own (longer) statute of limitations to certain of their claims, rather than the statute of limitations dictated by the borrowing statute, notwithstanding the nature of their injury: (1) that their claims "seeking recovery of property" are governed by the law of the State where the property is located (which, they contend, is New York for at least some of the property), and (2) that their newly minted claim under EPTL § 7-3.1—a provision prohibiting so-called self-settled trusts—is governed by New York law. *See* Br. at 37–42. Both contentions are meritless.

First, their "location of property" theory is incorrect because the Theas are not actually seeking "the return of personal property." *Id.* at 40. They liken their suit to an action "sounding in replevin, or conversion" (*id.*), in which the goal of the suit is to "restore possession of

15

a chattel to the person from whom it was wrongfully taken," Vincent C. Alexander, Practice Commentaries, C.P.L.R. 7101, 7B McKinney's Cons. Laws of N.Y. at 207 (West 2014); *see also In re Peters*, 34 A.D.3d 29, 33 (1st Dep't 2006) (applying law of replevin to an action by an estate to "recover possession" of an item). But the Theas do not allege that they are seeking *return* of any specific personal property. Rather, they seek a declaration that the property that Frederica placed in trust is rightfully theirs—not that the property was once theirs and must be returned. (A. 235.) Thus, the New York limitations period governing replevin actions does not apply, even if some of the trust property is or was located in New York.[4]

Second, the Theas' assertion of a claim under EPTL § 7-3.1 does not enable them to take advantage of a longer limitation period under

---

[4] The sole New York authority on which the Theas rely to support of their "location of property" theory, *Matter of McLaughlin*, applied the statute of limitations governing a replevin action because the property at issue had been given to the plaintiff before the decedent's death, and the plaintiff was seeking its recovery. *See* 78 A.D.3d 1304, 1306 (3d Dep't 2010). The Theas also rely on *Matter of Thomas*, 28 Misc. 3d 300 (Sur. Ct. Broome County 2010), but do not mention that this was actually just the lower court opinion in *Matter of McLaughlin*. Br. at 40. Moreover, both of those cases dealt with personal items, not real property or economic interests, as here.

New York law. For one thing, this Court need not reach the merits of this argument because the Theas' addition of this claim in their proposed second amended complaint went beyond the scope of the district court's first dismissal order, which permitted the Theas to add only claims in the capacity of administrators of Frederica's estate. (SPA 10.) The addition of this new claim in their *individual* capacity was beyond the scope of the court's order, and the district court had discretion to refuse amendment on this ground, *see Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) (summary order) (district court had discretion to deny amendment where the proposed complaint went "beyond the limited leave [plaintiff] had been given to amend its original complaint").

This new claim also fails on the merits. EPTL § 7-3.1(a) provides that a "disposition in trust *for use of the creator*"—here, Frederica—is void against certain "creditors." This provision codifies the centuries-old principle of trust law "that a person may not avoid his present or future creditors by placing his property in trust for *his own benefit*." Margaret Valentine Turano, Practice Commentaries, EPTL § 7-3.1, 17B McKinney's Cons. Laws of N.Y. at 375 (West 2014). The Theas,

17

however, do not allege that Frederica placed the assets in trust for her own benefit; instead, she placed the assets in trust for the benefit of The New School, as the trust's remainder beneficiary. (J.A. 224.)

Anyway, it is irrelevant whether the Theas can state a valid claim under New York law, because C.P.L.R. 202 still requires this Court to apply the shortest possibly applicable limitations period when the claim accrued out of state. *See BPP Ill., LLC v. Royal Bank of Scotland Grp., PLC*, No. 13-CV-0638, 2013 WL 6003701, at *4 (S.D.N.Y. Nov. 13, 2013) (noting that, even though New York law "applies to the claims" in a case, New York law does not "always provide for the application of New York statutes of limitation"); *see also Chiste v. Hotels.com L.P.*, 756 F. Supp. 2d 382, 410–11 (S.D.N.Y. 2010) (applying the shorter limitations period between New York, the forum State, and Wisconsin, the State where the claim accrued, even to a claim that was governed substantively by Texas law). Thus, for this claim, too, the California or Massachusetts statute of limitations must apply, because the only interest the Theas can claim in the trust property derives from the agreement with Frederica, a decedent. To hold otherwise would essentially allow the Theas to extend their statute of limitations simply

18

by bringing suit in a New York forum—but that is the precise harm that C.P.L.R. 202 is designed to prevent. *See Portfolio Recovery Associates*, 14 N.Y.3d at 418.

## B. The Claim Is Untimely Under California and Massachusetts Law.

As explained above (see *supra* 12–15), all of the claims here are governed either by California law (the estate's claims and Deborah Thea's individual claims) or Massachusetts law (Donald Thea's individual claims). It is undisputed that these claims accrued at the latest when Frederica died on February 4, 2012. *See* Br. at 42. Because both California and Massachusetts law impose a one-year statute of limitations to all the claims, and the Theas did not commence suit until more than a year after Frederica's death, the claims are untimely.[5]

---

[5] Because the claims are untimely regardless of the capacity in which the Theas bring the claims, this Court need not address whether the Theas have individual standing to bring the claims. *See* Br. at 29–37. The Attorney General takes no position on that question.

### 1. The estate's and Deborah Thea's claims are untimely under California Law.

Under California Code of Civil Procedure § 366.3, all of the claims asserted against the Attorney General in the proposed second amended complaint had to be brought within one year of Frederica's death.[6] That section, titled "statute of limitation on promise of decedent," states that "[i]f a person has a claim that arises from a promise or agreement with a decedent to distribution from an estate or trust or under another instrument . . . an action to enforce the claim to distribution may be commenced within one year after the date of death." Cal. Civ. Proc. Code § 366.3. Section 366.3 has been interpreted broadly to cover "all equitable and contractual claims to distribution of estates." *McMackin v. Ehreheart*, 194 Cal. App. 4th 128, 137 (2011) (quotation marks omitted). It therefore applies here.

As the California courts have explained, this statute was enacted to provide a short, uniform statute of limitations for oral and written

---

[6] The claim for breach of fiduciary duty of the proposed second amended complaint (Count VI) is asserted against Kleinhandler only. (A. 241–242.) The Attorney General thus takes no position on the statute of limitations that applies to that claim.

20

contracts to make a will, in order to promote prompt settlement of estates. *Maxwell-Jolly v. Martin*, 198 Cal. App. 4th 347, 355–56 (2011) (discussing the legislative history). Before § 366.3 was enacted, there was no "'uniform statute of limitations for claims arising from a contract to make a will or other promise or agreement with a decedent to a distribution from an estate.'" *Id.* at 355 (quoting Assem. Com. on Judiciary, Analysis of Assem. Bill No. 1491 (1999–2000 Reg. Sess.) Jan. 11, 2000, p. 3). The broad wording of the statute, along with its legislative history, make clear that the statute was intended to "reach any action predicated upon the decedent's agreement to distribute estate or trust property in a specified manner." *Ferraro v. Camarlinghi*, 161 Cal. App. 4th 509, 555 (2008).

Accordingly, the California courts have held that § 366.3 applies to a wide variety of actions, including some quite similar to this case. For instance, in *Ferraro*, the California Court of Appeal held that § 366.3 covered all of the claims brought by the decedent's stepdaughter alleging that the decedent's decision to leave all of her property to her two biological children "violated an agreement between decedent and her predeceased husband." *Id.* at 517. The plaintiff brought claims for "breach

21

of contract, breach of express trust, fraud, undue influence, unjust enrichment, constructive trust, conversion, interference with advantageous relations . . . and an accounting," and she requested "declaratory and injunctive relief." *Id.* at 527. The court concluded that § 366.3 applied because "the statute applies to *all* actions predicated on a decedent's promise to make specified distributions upon his death." *Id.* at 555.

*Ferraro* is far from an outlier. In *Estate of Ziegler*, 187 Cal. App. 4th 1357 (2010), the Court of Appeal applied the statute of limitations to bar an action for breach of a written contract with the decedent to leave a home to plaintiffs who had cared for the decedent for many years. *Id.* at 1363–67. The Court of Appeal determined that it was not required to decide whether "a claim based on a contract to make a will" was a "claim for a 'distribution' in the technical sense," because, regardless of how the claim was characterized, the "Legislature clearly intended" for § 366.3 to apply "to a claim based on a contract to make a will." *Id.* at 1365; *see also Stewart v. Seward*, 148 Cal. App. 4th 1513, 1522–23 (2007) (holding § 366.3 applied to claims "money damages" based on "actions and omissions that thwarted" the estate plan of a predeceased spouse).

22

All of the claims in this case flow directly from the agreement between Frederica and Stanley. Without enforcement of the agreement, Frederica's estate apparently has no assets to distribute to the Theas. Thus, as the district court correctly concluded, because all of the claims arise from the agreement, they are subject to the one-year limitations period in § 366.3. (SPA 23–24.) And because this action was filed in July of 2013—more than one-and-a-half years after Frederica's death—it was untimely under California law. (SPA 13, 25.)

The Theas' attempt to evade the one-year limitations period in § 366.3 is meritless. They contend that, "on its face," § 366.3 does not apply to claims brought *by* an estate to recover estate assets. Br. at 45. But the California courts have already rejected the idea that the Legislature meant for the phrase "distribution from an estate" to be read in any "technical" sense. *Estate of Ziegler*, 187 Cal. App. 4th at 1365–66. To the contrary: although "one does not normally use 'distribution' to refer to the payment of a creditor's claim or the award of specific property to a person who is claiming it as the true owner," § 366.3 applies "at a minimum, to a claim based on a contract to make a will." *McMackin*, 194 Cal. App. 4th at 137 (quotation marks omitted).

The one-year limitations period thus applies to all of the claims that are governed by California law, regardless of whether they are asserted in the Theas' capacity as administrators or in Deborah's capacity as an individual third-party beneficiary of the agreement.[7]

Moreover, to allow the Theas to assert claims in their capacity as estate administrators that they could not otherwise assert would undermine "the Legislature's intent to promote uniformity and to foster 'the policy in favor of the early closing and distribution of estates.'" *Estate of Ziegler*, 187 Cal. App. 4th at 1366 (quoting Sen. Judiciary Com., Analysis of Assem. Bill No. 1491 (1999–2000 Reg. Sess.), as amended Mar. 23, 2000, at 12). And it would be especially curious to allow an exception here, where the Theas did not even bother to probate Frederica's estate until the district court required the Theas to seek letters of administration over two years after Frederica's death. (SPA 10.)

Here, The New School, as beneficiary of the trust, and Kleinhandler, as its trustee, have a right to know that the assets in the

---

[7] Indeed, the Theas do not dispute on appeal that, under California law, § 366.3 would apply to Deborah's claims in her individual capacity.

24

trust will not form a part of Frederica's estate, and will not be subject to distribution from the estate. That certainty "'promote[s] justice by preventing surprises through the revival of claims that have been allowed to slumber.'" *Estate of Ziegler*, 187 Cal. App. 4th at 1359 (quoting *Parra v. City & County of San Francisco*, 144 Cal. App. 4th 977, 998 (2006)). And the intent of the California legislature to create a short statute of limitations prevails even where the equities favor allowing a claim to go forward—though the Attorney General takes no position at this point on the underlying merits of the Theas' claim. *Id.*; *see Maxwell-Jolly*, 198 Cal. App. 4th at 362 (noting that the "main objective" of § 366.3 "was to clarify the length of the statute of limitations for claims premised on a contract to make or not make a will or trust and to subject *all* such claims to the same limitations period" (emphasis added)).

Finally, there is no merit to the Theas' additional contention (Br. at 49–50) that this Court should not apply § 366.3 because one California court noted that it may be in tension with another limitations provision in certain cases. The possible tension they allude to has no application here. In *Allen v. Stoddard*, 212 Cal. App. 4th 807 (2013), the California Court of Appeal determined that there was a

25

potential conflict between the limitations provision of § 366.3 (one year from death) and the limitations period of Cal. Probate Code § 9535 (ninety days after an estate has rejected a claim by a creditor). *Id.* at 810–11. The court held that on the "narrow point" presented by that case, the one-year limitations period in § 366.3 governed. *Id.* at 816–17. The Theas do not seek to invoke the ninety-day limitations period in Cal. Probate Code § 9535, but if they did, *Allen* holds that § 366.3 would apply anyway. Thus *Allen* provides no reason to think that a California court would fail to apply § 366.3 in this case.

### 2. The suit is also untimely under Massachusetts law.

Donald Thea's claims in his individual capacity are also untimely. Because Donald Thea is a citizen of Massachusetts, his claims are governed by Massachusetts law. *See supra* 14–15. But even though the Theas have asserted that Donald Thea has individual standing to bring these claims (Br. at 29–36), they have made no argument that this suit is timely under Massachusetts law, or even cited the Massachusetts statute of limitations in their brief, despite the fact that the issue was

26

briefed extensively below.[8] *See* New School's Mem. of Law in Response to Court's Order at 20–23 (ECF No. 57); Kleinhandler's Mem. of Law in Response to Court's Order at 8–9 (ECF No. 55). They may not address this issue for the first time in their reply brief. *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993).

In any event, the claim is barred by Massachusetts' one-year statute of limitations that is similar to California's. As the defendants explained in the district court, Massachusetts, like California, has a one-year statute of limitations that governs actions against estates by "creditors of the deceased" as well as against trust assets that may be "reached by creditors of the deceased." Mass. Gen. Laws ch. 190B § 3-803(a)–(b); *see* New School Mem. at 20–23 (ECF No. 57); Kleinhandler Mem. at 8–9 (ECF No. 55). Like its California counterpart, this provision "expedites the

_____

[8] Instead, the Theas' only mention of Massachusetts law comes in a footnote where they argue that their new claim "as creditors," brought under New York's EPTL § 7-3.1, would also be timely were it brought under a similar Massachusetts law. Br. at 39 n.5. As explained above (*supra* at 17), the Theas did not have permission to add that claim, and they apply the incorrect limitations period in any event.

settlement of estates, and protects the interests of both the creditors and administrators." *Flannery v. Flannery*, 429 Mass. 55, 57 (1999).[9]

And just as in California, Massachusetts courts apply the one-year statute of limitations to a wide variety of proceedings, including claims for "breach of contract, unjust enrichment, services rendered, deceit, and constructive trust" brought by a party contending that a decedent violated a promise to leave plaintiffs certain assets. *Gates v. Reilly*, 453 Mass. 460, 463 (2009). It thus applies here, even though the estate has not yet been completely probated in California. *See GMAC*, 464 Mass. at 736 (noting that a creditor lost a "clear right to repayment because the short statute of limitations to collect on the underlying note, signed only by [the decedent], expired one year after his death"); *Gates*, 453 Mass. at 467–68 (one-year statute of limitations applies to claims based on alleged breach of promise to leave property to plaintiffs). Donald Thea's claims thus are well within the statute's broad sweep.

---

[9] Section 3-803 was formerly codified at Mass. Gen. Laws ch. 197 § 9 (eff. through March 30, 2012). Massachusetts cases that discuss the limitations period created by former § 9 apply equally to current § 3-803. *See GMAC Mort., LLC v. First Am. Title Ins. Co.*, 464 Mass. 733, 736 (2013).

### C. The Theas Cannot Invoke Equitable Estoppel To Avoid The Statutes of Limitations.

#### 1. Equitable estoppel does not apply under California law.

The district court also correctly concluded that the Theas have not sufficiently alleged facts to support their theory that, under California law, the defendants should be equitably estopped from invoking the statute of limitations. (SPA 24); *see Cantor Fitzgerald*, 313 F.3d at 710 (New York borrowing statute requires applying tolling rules of State where claim accrued). As applied to this case, equitable estoppel would "provide relief to someone who has been induced by another party's wrongdoing to forbear filing suit" by preventing a defendant with unclean hands from invoking the statute of limitations as a defense. *McMackin*, 194 Cal. App. 4th at 142. That doctrine does not apply here, because Kleinhandler owed no duty to notify the Theas of Frederica's death, and so committed no wrongdoing.

As a threshold matter, the Theas are incorrect that they have no obligation to plead specific facts that would entitle them to estop the defendants from relying on the statute of limitations. *See* Br. at 17. To the contrary: the California courts have addressed this issue and have

specifically held that "[w]hen a plaintiff relies on a theory of . . . estoppel to save a cause of action that otherwise appears on its face to be time-barred, he or she must specifically plead facts which, if proved, would support the theory." *Mills v. Forestex Co.*, 108 Cal. App. 4th 625, 641 (2003). This Court has applied the same rule under New York law, holding that a plaintiff had the "burden of showing that he was wrongfully induced by defendants not to commence suit," and upholding dismissal of a case as untimely at the pleading stage where the plaintiff had "notice and a meaningful opportunity to be heard on his tolling arguments." *Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007) (quotation marks and alterations omitted)).

The district court correctly concluded that the Theas had not sufficiently alleged a basis to invoke equitable estoppel to avoid application of the statute of limitations. (SPA 24.) The Theas contend that Kleinhandler's "'silence in the face of a duty to speak' is alone sufficient to estop assertion of the statute of limitations." Br. at 52 (quoting *Lix v. Edwards*, 82 Cal. App. 3d 573, 580 (1978)). But the only "duty to speak" that the Theas identify comes from a section of the California Probate Code that applies to *California* trusts, not New York

trusts like the one in this case—and they have not located any comparable New York provision. *Id.* (citing Cal. Probate Code § 16061.7). The Theas' other allegations about Kleinhandler's wrongdoing all center on his failure to tell the Theas about Frederica's death—but those allegations are insufficient as a matter of law, because "mere silence will not create estoppel unless the silent party was under some obligation to speak, and a party invoking such estoppel must show that it was the duty of the other to speak." *Castaneda v. Dep't of Corr. & Rehab.*, 212 Cal. App. 4th 1051, 1066 (2013) (quotation marks and alterations omitted). The Theas' have not pointed to anything that would have prevented them from discovering that Frederica had died.[10]

---

[10] And, indeed, the Theas *still* have not disclosed to this Court precisely when, how, or from whom they learned about Frederica's death, or why they could not have learned of it sooner. The closest they have come is the vague statement that they "learned of Frederica's death" in "May, 2013." Br. at 53 n.7.

### 2. Equitable estoppel is also unavailable under Massachusetts law.

As with the claims governed by California law, equitable estoppel and related doctrines would not permit Donald to avoid application of the statute of limitations under Massachusetts law. Massachusetts law allows creditors who have failed to comply with the one-year statute of limitations to file a "complaint in equity" with the Supreme Judicial Court that would allow the court to adjudicate an untimely claim. *See* Mass. Gen. Laws Ch. 190B § 3-803(e). But even assuming that this equitable relief is available in federal court despite the unusual procedural requirements of the statute, Donald Thea cannot meet his burden to show that it applies. The statute requires that the creditor show that "justice and equity require" relief and that the "creditor is not chargeable with culpable neglect in not prosecuting his claim within the time so limited." *Id.* Donald Thea cannot meet that standard, nor has he even alleged that he can.

In particular, the Massachusetts Supreme Judicial Court has held that a plaintiff seeking equitable relief must show that the failure to file within the limitations period "was not due to his carelessness or to any lack of diligence for which he might properly be censured or blamed."

32

*Gates*, 453 Mass. at 468 (2009) (quotation marks omitted). But here, Donald Thea's failure to file suit within one year of Frederica's death was due to carelessness and a lack of diligence: he allegedly was not even aware that his stepmother had passed away until more than one year after she died. That would not entitle him to toll the statute of limitations. *See Deitrick v. Hayward*, 304 Mass. 623, 626 (1939) (holding that the plaintiff was not entitled to equitable relief where due diligence "would have disclosed the death of the deceased," and where the plaintiff was not "deceived" by the defendant nor were any "misrepresentations" made to the plaintiff).

The Theas' situation is thus unlike recent cases where the Supreme Judicial Court has granted relief because plaintiffs' *attorneys* "misunderst[ood] . . . the controlling law," *Gates*, 453 Mass. at 473, or were careless in protecting their clients' rights, *In re Estate of Grabowski*, 444 Mass. 715, 720 (2005). Nor have the Theas alleged that they gave defendants any notice of their potential claim within the one-year time period required by law, which is also an important equitable consideration. *Gates*, 453 Mass. at 468 ("[T]he defendants were on notice of the claims well within the one-year limitations period.");

33

*Grabowksi*, 444 Mass. at 720 (same). For these and the additional reasons discussed above related to equitable estoppel under California law, Donald Thea would not be entitled to bring a late claim in Massachusetts. Thus, his claims, like those of the estate and his sister, are time-barred.

**CONCLUSION**

The judgment in favor of the Defendants should be affirmed.

Dated: New York, NY
December 2, 2014

Respectfully submitted,

ERIC T. SCHNEIDERMAN
*Attorney General of the
State of New York*

By:    /s/ Jason Harrow   .
JASON HARROW
Assistant Solicitor General

120 Broadway, 25th Floor
New York, NY 10271
(212) 416-8025

BARBARA D. UNDERWOOD
*Solicitor General*
CLAUDE S. PLATTON
JASON HARROW
*Assistant Solicitors General
of Counsel*

Reproduced on Recycled Paper

35

# CERTIFICATE OF COMPLIANCE

Pursuant to Rule 32(a)(7)(C) of the Federal Rules of Appellate Procedure, Jason Harrow, an attorney in the Office of the Attorney General of the State of New York, hereby certifies that according to the word count feature of the word processing program used to prepare this brief, the brief contains 6,946 words and complies with the type-volume limitations of Rule 32(a)(7)(B).

  /s/ Jason Harrow _____
   Jason Harrow