14-3201
*Thea v. Kleinhandler*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2014

(Argued: March 26, 2014     Decided: November 3, 2015)

Docket No. 14-3201

———————————

DONALD M. THEA, DEBORAH L. THEA,

*Plaintiffs-Appellants,*

*v.*

NEIL C. KLEINHANDLER, As Trustee of the Frederica Fisher Thea Revocable Trust, NEW SCHOOL UNIVERSITY, ERIC T. SCHNEIDERMAN, Attorney General of the State of New York,

*Defendants-Appellees.*

———————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

———————————

Before:

JACOBS and CHIN, *Circuit Judges,*
and WOLFORD, *District Judge.**

———————————

\* The Honorable Elizabeth A. Wolford, of the Western District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Southern District of New York (Castel, *J.*), denying plaintiffs' motion for leave to file a second amended complaint. The district court concluded that allowing plaintiffs to amend their complaint would be futile, because they lacked standing to sue in their individual capacities and their claims on behalf of the estate were time-barred under California's one-year statute of limitations. We affirm on the grounds that all the claims are time-barred.

AFFIRMED.

———————————————

ANTHONY J. VIOLA (Zachary W. Silverman, *on the brief*), Edwards Wildman Palmer LLP, New York, New York, *for Plaintiffs-Appellants*.

BRUCE J. TURKLE (Perry S. Galler, *on the brief*), Phillips Nizer LLP, New York, New York, *for Defendant-Appellee Neil C. Kleinhandler, Individually and as Trustee of the Frederica Fisher Thea Revocable Trust.*

MARCY RESSLER HARRIS, Schulte Roth & Zabel LLP, New York, New York, *for Defendant-Appellee New School University.*

JASON HARROW, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, and Claude S. Platton, Assistant Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, New York, *for Defendant-Appellee Attorney General of the State of New York.*

———————————————

CHIN, *Circuit Judge*:

In this case, Stanley Thea ("Stanley") and Frederica Thea ("Frederica") agreed to and did execute mutual wills providing for each other's assets to pass to the survivor and, upon the death of the survivor, to Stanley's children from a prior marriage, Donald Thea and Deborah Thea (the "Theas"). After Stanley died, however, Frederica transferred substantially all of her assets to a trust (the "Trust"), leaving the remainder interest not to the Theas but to defendant-appellee New School University (the "New School").

The Theas commenced this action against the New School as well as defendants-appellees Neil Kleinhandler, as trustee of the Trust, and Eric Schneiderman, as Attorney General of New York, contending that they were entitled to the Trust's assets and seeking, *inter alia*, declaratory and equitable relief. On May 12, 2014, the district court dismissed the Theas' claims without prejudice, on the grounds that it was unable to adjudicate the claims because no representative of Frederica's estate (the "Estate") was a party to the action. After being appointed special administrators of the Estate, the Theas sought leave to file a second amended complaint. On August 1, 2014, the district court denied the Theas' motion on grounds of futility, concluding that the claims alleged in the

proposed second amended complaint would not withstand a motion to dismiss.

The Theas appeal.  We affirm.

## BACKGROUND

**A.**   *The Facts*

For the purposes of this appeal, the facts alleged in the proposed

second amended complaint are assumed to be true.  They may be summarized as

follows:

The Theas are the only children of Stanley and his first wife.  In 1985,

Stanley married his third wife, Frederica.  Stanley and Frederica had no children

together.  On April 13, 1995, Stanley and Frederica entered into an agreement

(the "Agreement") to execute mutual wills providing that the surviving spouse

would receive the deceased spouse's property and, upon the surviving spouse's

death, the surviving spouse's property would pass to the Theas.[1]  Stanley and

---

[1]    Frederica's will provided in pertinent part that:  "I give and bequeath all the household and personal effects, including jewelry, clothing, pictures, objects of art, and automobiles belonging to me at my death, together with all insurance policies relating thereto, to my husband, STANLEY THEA, if he survives me.  If my husband, STANLEY THEA, shall predecease me then I give and bequeath such household and personal effects in equal shares to his son DONALD MARK THEA and his daughter DEBORAH LOUISE THEA, or to the survivor of them. . . .  I give, devise, and bequeath all the residue and remainder of my estate of whatsoever kind and wheresoever situate to my husband, STANLEY THEA, if he survives me, but if he predeceases me, in equal shares to his issue [] surviving [me], *per stirpes*."

Frederica executed wills in accordance with the Agreement. Frederica's will provides that when Stanley died, the Theas would be the sole executors.

Stanley predeceased Frederica in 1998. Thus, in accordance with Stanley's will and the Agreement, Frederica inherited Stanley's assets, including two apartments in New York City -- one in Manhattan and one in Astoria. Neil Kleinhandler and his firm represented Frederica in connection with the probate of Stanley's estate.

In December 2002, Frederica created the Trust, which was governed by New York law and was revocable. Frederica and Kleinhandler were designated as co-trustees. The New School, a university based in New York City, was designated as the sole remainder beneficiary of the Trust. On or about December 17, 2002, Frederica transferred the New York City apartments and substantially all of her other property and assets into the Trust. For the remainder of Frederica's life, the Trust managed the assets for her benefit.

In 2007, the Trust sold the Manhattan apartment for approximately $1.65 million. The Astoria apartment was also sold for an undisclosed amount. The proceeds of both apartments remained in the Trust. On or about June 15, 2011, the Trust purchased a residence in Carmel, California for approximately $1.9 million. Frederica moved into the Carmel residence and resided there for

the remainder of her life.  The Trust also owns securities and capital, located in various bank and brokerage accounts in New York, valued at approximately $500,000.

On February 4, 2012, Frederica died of an apparent suicide.  Law enforcement officials discovered a suicide note with instructions to contact Kleinhandler, her real estate agent, and her accountant.  After Kleinhandler was notified of Frederica's death, he represented to law enforcement officials that he was authorized to act on behalf of the Estate.

Kleinhandler did not inform the Theas of their stepmother's death, nor did he publish an obituary or otherwise publicize her passing.[2]  Within a week of Frederica's death, the Carmel residence was listed for sale with a real estate broker, but it has not been sold.  The Theas have not received any Trust assets.

**B.**    *Proceedings Below*

On July 15, 2013, the Theas, in their individual capacities, commenced this action against Kleinhandler, as the sole trustee of the Trust.[3]

---

[2]      The proposed second amended complaint is silent as to when the Theas learned of Frederica's death.  They represent in their brief on appeal that they did not learn of her death until more than a year later, in May 2013.

[3]      The Theas invoked the district court's diversity jurisdiction, alleging that Donald Thea was a citizen of Massachusetts, Deborah Thea a citizen of California, and

The Theas alleged that Frederica had defeated the intent of the Agreement by transferring her assets to the Trust.

On August 27, 2013, after limited discovery, the Theas served an amended complaint, naming two new defendants: the New School, as the Trust's remainder beneficiary, and the Office of the New York State Attorney General.[4] The amended complaint also included a claim for breach of fiduciary duty against Kleinhandler, both individually and as trustee of the Trust.

On October 7, 2013, Kleinhandler and the New School moved to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). On May 13, 2014, the district court granted, without prejudice, the motions on the grounds that it was unable to fully adjudicate the Theas' claims until a representative of the Estate was appointed and joined as a necessary party. The district court held that an administrator or executor of the Estate could seek leave to amend within 21 days of the May 13 order.

---

Kleinhandler a citizen of New York. *See* 28 U.S.C. § 1332(a). The parties do not contest jurisdiction.

[4] The Attorney General appears in his capacity as statutory representative of the beneficiaries of "dispositions for religious, charitable, educational or benevolent purposes and it shall be his duty to enforce the rights of such beneficiaries by appropriate proceedings in the courts." N.Y. Est. Powers & Trusts Law § 8-1.1(f) (McKinney 2010).

The Theas immediately initiated probate proceedings in the Superior Court of California, County of Monterey, seeking to be appointed representatives of the Estate. The Theas filed an expedited petition for "Letters of Special Administration" so that their application could be heard prior to the 21-day deadline imposed by the district court in this case. On May 28 and May 30, 2014, the California court granted the Theas' request, issuing Letters of Special Administration to both of them. The California court also admitted Frederica's will to probate.

On June 2, 2014, the Theas sought leave to file a second amended complaint, in their individual capacities, as creditors of the Estate, and as special administrators of the Estate. The Theas asserted claims in: (1) their individual capacity; (2) their capacity as creditors of the Estate; and (3) their capacity as special administrators of the Estate.

On August 1, 2014, the district court denied the Theas' motion for leave to amend on grounds of futility, concluding that the claims alleged in the proposed second amended complaint would not withstand a motion to dismiss. First, the district court rejected the Theas' individual claims for lack of standing. Second, the district court applied New York's borrowing statute, N.Y. C.P.L.R. 202, to the Theas' claims as special administrators. It concluded that California

law applied to these claims, and then held that all of the Theas' claims on behalf

of the Estate were time-barred because they were governed by a one-year statute

of limitations pursuant to § 366.3 of the California Code of Civil Procedure. The

district court also held that the Theas did not allege sufficient facts to conclude

that equitable estoppel could toll their time to file. Last, the district court held

that because the underlying claims against Kleinhandler and the Trust were

untimely, the Theas remaining claims would not withstand a motion to dismiss.

Thus, the district court held that allowing the Theas to amend to add these

remaining claims would also be futile. Judgment was entered in favor of

defendants on August 4, 2014.

　　　　　This appeal followed.

## DISCUSSION

### I.　Standard of Review

　　　　　We generally review a district court's denial of leave to amend for

abuse of discretion, "keeping in mind that leave to amend should be freely

granted when 'justice so requires.'" *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161,

177 (2d Cir. 2006) (quoting *Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir. 1999)).

A district court abuses its discretion if it bases its ruling on "an erroneous view

of the law, a clearly erroneous assessment of the facts, or a decision that cannot

be located within the range of permissible decisions." *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012). Where the denial of leave to amend is based on the resolution of legal questions, however, "a reviewing court conducts a *de novo* review." *Hutchison v. Deutsche Bank Sec. Inc.*, 647 F.3d 479, 490 (2d Cir. 2011).

The district court denied leave to the Theas to file the proposed second amended complaint on grounds of futility, concluding that it would not withstand a motion to dismiss. *Thea v. Kleinhandler*, No. 13-CV-4895 (PKC), 2014 WL 3812231, at *6, *9 (S.D.N.Y. Aug. 1, 2014); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to survive motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Proposed amendments are futile if they 'would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.'" *IBEW Local Union No. 58 Pension Trust Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015) (quoting *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012)). Here, the district court's conclusion that the proposed amended pleading failed to state a claim, and thus would not survive a motion to dismiss, was a legal

-10-

determination.  *See Panther Partners Inc.,* 681 F.3d at 119 ("Futility is a

determination, as a matter of law, that proposed amendments would fail . . . to

state a claim.").  Thus, the applicable standard of review here is *de novo.  See, e.g.,*

*Adelson v. Harris*, 774 F.3d 803, 807 (2d Cir. 2014) (reviewing *de novo* district

court's dismissal under Rule 12(b)(6)); *Gorman v. Consol. Edison Corp.*, 488 F.3d

586, 591-592 (2d Cir. 2007) (reviewing *de novo* district court's denial of motions

for leave to amend as futile).

## II.    Timeliness

The district court held that a California one-year statute of

limitations governs this case and dismissed the Theas' claims on behalf of the

Estate as time-barred.  The Theas argue that this was error, and that a New York

six-year statute of limitations applies.[5]  We conclude that the one-year California

statute of limitations applies to all the claims in this action and that the Theas'

claims are time-barred.  We reject the Theas' contention that their claims are

saved by the doctrine of equitable estoppel.

---

[5]        The district court also held that the Theas lacked standing to assert claims
individually.  The Theas contend that the district court erred in this respect.  We do not
reach this issue, in light of our ruling below on the timeliness of their claims.

### A.     Choice-of-Law Rules

Where jurisdiction is predicated on diversity of citizenship, a federal court must apply the choice-of-law rules of the forum state.  *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 433 (2d Cir. 2012); *see also Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941).  Under New York law, we apply the rules of decision that are considered "substantive," *see Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938),[6] including statutes of limitation.  *See Cantor Fitzgerald Inc. v. Lutnick*, 313 F.3d 704, 710 (2d Cir. 2002) ("A state's rules providing for the start and length of the statute of limitations is substantive law."); *accord Stuart v. Am. Cyanamid Co.*, 158 F.3d 622, 626 (2d Cir. 1998) ("Where jurisdiction rests upon diversity of citizenship, a federal court sitting in New York must apply the New York choice-of-law rules and statutes of limitations.").

New York's borrowing statute, N.Y. C.P.L.R. 202, provides that "when a nonresident plaintiff sues upon a cause of action that arose outside of New York, the court must apply the shorter limitations period, including all relevant tolling provisions, of either: (1) New York; or (2) the state where the cause of action accrued."  *Stuart*, 158 F.3d at 627; *see Glob. Fin. Corp. v. Triarc Corp.*,

---

[6]     Whether a particular state rule of decision is "substantive" is a question of federal law.  *See Hanna v. Plumer*, 380 U.S. 460, 465-66 (1965).

93 N.Y.2d 525, 528 (1999) ("When a nonresident sues on a cause of action accruing outside New York, CPLR 202 requires the cause of action to be timely under the limitation periods of both New York and the jurisdiction where the cause of action accrued.").[7]  New York follows "the traditional definition of accrual -- a cause of action accrues at the time and in the place of the injury." *Glob. Fin. Corp.*, 93 N.Y.2d at 529.  Where the "injury is purely economic, the place of injury usually is where the plaintiff resides and sustains the economic impact of the loss."  *Id.*

Under California law, "[i]f a person has a claim that arises from a promise or agreement with a decedent to distribution from an estate or trust or under another instrument . . . an action to enforce the claim to distribution may be commenced within one year after the date of death, and the limitations period that would have been applicable does not apply."  Cal. Civ. Proc. Code § 366.3(a); *see Allen v. Stoddard*, 152 Cal. Rptr. 3d 71, 74 (Ct. App. 2013) ("Section 366.3 gives persons who have claims against estates based on promises to make a

_____

[7]         N.Y. C.P.L.R. 202 provides:  "An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply."  *See also In re Coudert Bros. LLP*, 673 F.3d 180, 190 (2d Cir. 2012) (noting that N.Y. C.P.L.R. 202 "guards against forum shopping by out-of-state plaintiffs by mandating use of the *shortest* statute of limitations available").

distribution after death (such as contracts to make a will) a full year from the date of the decedent's death to file suit.").  Moreover, § 366.3 "has been construed to 'reach any action predicated upon the decedent's agreement to distribute estate or trust property in a specified manner.'"  *In re Estate of Ziegler*, 114 Cal. Rptr. 3d 863, 868 (Ct. App. 2010) (quoting *Ferraro v. Camarlinghi*, 75 Cal. Rptr. 3d 19, 57 (Ct. App. 2008)).

Under New York law, "[a] disposition in trust for the use of the creator is void as against the existing or subsequent creditors of the creator."  N.Y. Est. Powers & Trusts Law § 7-3.1 (McKinney 2005).  Claims under this statute are likely subject to the six-year statute of limitations in N.Y. C.P.L.R. 213.  *Cf. State v. Cetero*, 233 A.D.2d 580, 582 (N.Y. App. Div. 3d Dep't 1996) (noting that six-year statute of limitations would apply where plaintiff attempted to set aside two provisions in trust agreement).  N.Y. C.P.L.R. 213 is a catch-all provision that "requires 'an action for which no limitations is specifically prescribed by law' to be brought within six years of a claim's accrual."  *Melcher v. Greenberg Traurig, LLP*, 23 N.Y.3d 10, 13 (2014) (quoting N.Y. C.P.L.R. 213(1) (McKinney 2004)).  As N.Y. Est. Powers & Trusts Law § 7-3.1 does not specifically prescribe a statute of limitations period, New York courts have required actions commenced under

this statute to be brought within six years. *See Christopher v. Tomeck*, 82 A.D.3d 1307, 1309 (N.Y. App. Div. 3d Dep't 2011).

**B.     Applicability of California's Statute of Limitations**

Here, the California statute applies to the Theas' claims. While the district court did not apply the statute of limitations to the Theas' individual claims (which it rejected on standing grounds), we conclude that all the Theas' claims are time-barred.

First, the Theas, as administrators of the Estate, are deemed to be citizens of California. *See* 28 U.S.C. § 1332(c)(2) ("the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent"). Nor are they, in their individual capacities, citizens of New York, as Deborah is a California resident and Donald is a resident of Massachusetts.

Second, the Theas' claims accrued in California. The Theas allege that Kleinhandler and the Trust improperly exercised dominion and control over the Estate's assets. Frederica was residing in California when she died. The Estate's assets (consisting largely of Trust assets) were located primarily in California. Thus, to the extent the Estate suffered economic harm, it did so in California. To the extent the Theas suffered harm in their individual capacities

or as creditors, it was not in New York but in California for Deborah and in Massachusetts for Donald.[8]

Third, the California statute of limitations is the shorter of the two conflicting statutes, and New York Law requires that an action accruing outside the state must meet the statutes of limitations of both jurisdictions. *See Ins. Co. of N. Am. v. ABB Power Generation, Inc.*, 91 N.Y.2d 180, 187 (1997) ("CPLR 202 requires that a court, when presented with a cause of action accruing outside New York, should apply the limitation period of the foreign jurisdiction if it bars the claim.").

California law provides that any action arising "from a promise or agreement with a decedent to distribution from an estate" is subject to a one-year statute of limitations period. *See* Cal. Civ. Proc. Code § 366.3(a) (West 2010); *Stewart v. Seward*, 56 Cal. Rptr. 3d 651, 656-59 (Ct. App. 2007) (applying § 366.3 where plaintiff sought to enforce a promise to make a testamentary disposition). All the Theas' claims here arise from such a promise or agreement. Hence, it appears that under New York's borrowing statute, the one-year California statute of limitations controls this action.

---

[8]　　　　Like California law, Massachusetts law provides that an action against a decedent must be commenced within one year of the date of death. Mass. Gen. Laws ch. 190B, § 3-803 (West 2012).

The Theas argue that § 366.3 applies only to claims *against* an estate and not on *behalf* of an estate. The plain language of § 366.3, however, does not contemplate this distinction. In fact, California courts have repeatedly construed § 366.3 to "reach *any* action predicated upon the decedent's agreement to distribute estate or trust property in a specified manner." *In re Estate of Ziegler*, 114 Cal. Rptr. 3d at 868 (quoting *Ferraro*, 75 Cal. Rptr. 3d at 57) (emphasis added)); *McMackin v. Ehrheart*, 122 Cal. Rptr. 3d 902, 909 (Ct. App. 2011) (applying § 366.3 to individual claim against estate). Indeed, the Theas' claims arise from an agreement between Stanley and Frederica to a distribution from an estate -- the estate remaining, as it turned out, upon Frederica's death.[9]

The Theas further argue that New York's longer statute of limitations applies to their claims because their claims relate to the transfer of property in New York -- Frederica lived in New York when she transferred substantially all of her property into the Trust. In essence, they contend that their claims arose in New York and not California. We reject this argument.

First, even assuming Frederica transferred the assets into the Trust when she still lived in New York, there was nothing in the Agreement to prevent

---

[9]        Moreover, § 366.3 has been applied to fraud and unjust enrichment claims and "to claims based on a contract to leave certain property by will, even when the claimant is seeking only damages for breach of the contract and is not seeking the property itself." *In re Estate of Ziegler*, 114 Cal. Rptr. 3d at 868.

her from doing so.  The Agreement -- and the mutual wills attached thereto --

imposed no restrictions on her use of the assets during her lifetime.  She could

have consumed all of the assets during her lifetime.  Second, the Trust used a

substantial portion of its assets to purchase the home in Carmel, California, and

Frederica moved there from New York in 2011 and resided there, in California,

until her death on February 4, 2012.  Hence, the Trust's assets were substantially

moved to California while Frederica was still alive.  Third, the only claim the

Theas could have to the Trust assets arose only upon Frederica's death, when she

was residing in California and her assets were substantially located there as well.

To the extent the Estate suffered an injury, the claim arose in California, where

Frederica was residing at the time of her death.  To the extent the Theas suffered

economic injuries, they did not do so in New York, as neither was a resident of

New York.

    We therefore conclude that N.Y. C.P.L.R. 202 requires the

application of California's Code of Civil Procedure § 366.3 because it provides the

shorter limitations period.  *See Stuart*, 158 F.3d at 627 (Under New York law, "the

court must apply the shorter statute of limitations period . . . of either: (1) New

York; or (2) the state where the cause of action accrued." (citing N.Y. C.P.L.R. 202)

(McKinney 2004).

Frederica died on February 4, 2012 and this action was commenced on July 15, 2013, more than one year after her death. Accordingly, it appears from the face of the proposed second amended complaint that the Theas' claims are time-barred.

## C.  Equitable Estoppel

The Theas contend that, even if § 366.3 applies to their claims, Kleinhandler should be equitably estopped from asserting the statute of limitations as a defense. When applying another state's statute of limitations pursuant to N.Y. C.P.L.R. 202, "[a]ll the extensions and tolls applied in the foreign state must be imported with the foreign statutory period, so that the entire foreign statute of limitations . . . applie[s], and not merely its period." *Smith Barney, Harris Upham & Co. v. Luckie*, 85 N.Y.2d 193, 207 (1995) (internal quotation marks omitted); *see also Antone v. Gen. Motors Corp., Buick Motor Div.*, 64 N.Y.2d 20, 31 (1984) ("It is true that in 'borrowing' a Statute of Limitations of another State, a New York court will also 'borrow' the other State's rules as to tolling.").[10] Therefore, to the extent California law provides relief under an equitable estoppel theory, we apply it accordingly.

---

[10]    We note that § 366.3 expressly circumscribes tolling and extension: "[t]he limitations period provided in this section for commencement of an action shall not be tolled or extended for any reason . . . ." Cal. Civ. Proc. Code § 366.3(b). California

## 1. Applicable Law

Under California law, the doctrine of equitable estoppel may be applied, after the limitations period has run, to preclude a defendant from asserting the statute of limitations as a defense "where the party's conduct has induced another into forbearing to file suit." *McMackin*, 122 Cal. Rptr. 3d at 913; *accord Doheny Park Terrace Homeowners Ass'n, Inc. v. Truck Ins. Exch.*, 34 Cal. Rptr. 3d 157, 165 (Ct. App. 2005). "Reliance by the party asserting the estoppel on the conduct of the party to be estopped must have been reasonable under the circumstances. 'To warrant reliance, a representation must be such as would induce a reasonable man to act upon it.'" *Mills v. Forestex Co.*, 134 Cal. Rptr. 2d 273, 298 (Ct. App. 2003) (quoting *Three Sixty Five Club v. Shostak*, 104 Cal. App. 2d 735, 739 (1951)).

"The elements of equitable estoppel are: (1) the party to be estopped must be apprised of the facts; (2) that party must intend that his or her conduct be acted on, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the party asserting the estoppel must be ignorant

---

courts, however, distinguish between equitable tolling and equitable estoppel and have applied the latter under § 366.3. *See Lantzy v. Centex Homes*, 73 P.3d 517, 533 (Cal. 2003) ("[E]quitable estoppel is available even where the limitations statute at issue expressly precludes equitable tolling."). We assume for the purposes of this appeal that California's equitable estoppel doctrine applies under § 202.

of the true state of facts; and (4) the party asserting the estoppel must reasonably rely on the conduct to his or her injury." *Honig v. San Francisco Planning Dep't*, 25 Cal. Rptr. 3d 649, 655 (Ct. App. 2005) (citing *Mills*, 134 Cal. Rptr. 2d at 298).

"Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 n.12 (2d Cir. 2014) (citing *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008)). When a plaintiff relies on a theory of equitable estoppel to save a claim that otherwise appears untimely on its face, the plaintiff must specifically plead facts that make entitlement to estoppel plausible (not merely possible). *See Ashcroft*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 556-57, 570.

## 2. Application

The Theas argue that Kleinhandler should be estopped from invoking California's § 366.3 statute of limitations, alleging the following facts: (1) Kleinhandler failed to disclose Frederica's death to them, with the intent to conceal it; (2) Kleinhandler held himself out to law enforcement officials as the sole representative of the Estate; and (3) Kleinhandler had a duty, as trustee of the Trust, to disclose Frederica's death.

Under California law, however, equitable estoppel is only available where a defendant *induces* a plaintiff to forbear from filing suit.  *See Prudential-LMI Commercial Ins. v. Superior Court*, 798 P.2d 1230, 1240 (Cal. 1990) ("[Equitable] estoppel arises as a result of some conduct by the defendant, relied on by the plaintiff, which induces the belated filing of the action."  (internal quotation marks omitted)).[11]  That is, to be equitably estopped, a defendant must have taken affirmative steps to induce the plaintiff to refrain from filing a timely suit.  *See Vaca v. Wachovia Mortg. Corp.*, 129 Cal. Rptr. 3d 354, 360 (Ct. App. 2011) ("For a defendant to be equitably estopped from asserting a statute of limitations, the plaintiff must be directly prevented . . . from filing [a] suit on time."  (internal quotation marks omitted)); *Becerra v. Gonzales*, 38 Cal. Rptr. 2d 248, 256 (Ct. App. 1995) ("Generally, estoppel arises from a party's affirmative conduct which has led the opposing party to believe a particular fact is true, and to rely on that fact to his or her detriment.").

---

[11]    Similarly, under New York law, equitable estoppel is available only where the plaintiff knew of the existence of the cause of action, but the defendant's misconduct caused the plaintiff to delay in bringing suit.  *See, e.g.*, *Green v. Albert*, 199 A.D.2d 465 (N.Y. App. Div. 2d Dep't 1993); *Murphy v. Wegman's Food Mkt.*, 140 A.D.2d 973 (N.Y. App. Div. 4th Dep't 1988); *Buttry v. Gen. Signal Corp.*, 68 F.3d 1488, 1493 (2d Cir. 1995); *Netzer v. Continuity Graphic Assocs., Inc.*, 963 F. Supp. 1308, 1316 (S.D.N.Y. 1997). Equitable tolling, on the other hand, is "available where the defendant has wrongfully deceived or misled the plaintiff to conceal the existence of a cause of action."  *Kotlyarsky v. New York Post*, 195 Misc. 2d 150, 153 (Sup. Ct. Kings Cty. 2003).

Here, the Theas have failed to allege facts to plausibly suggest that Kleinhandler induced them to refrain from filing their action in a timely fashion. *See Ellul*, 774 F.3d at 802 (affirming dismissal where plaintiffs did not allege any misrepresentations made by defendants and relied upon by plaintiffs in delaying suit); *see also Lantzy v. Centex Homes*, 73 P.3d at 533 (rejecting equitable estoppel argument where "complaint [was] devoid of any indication that defendants' conduct actually and reasonably induced plaintiffs to forbear suing"). They simply allege that Kleinhandler failed to inform them of Frederica's death when he had a duty to do so. Simply failing to disclose the fact that Frederica died is insufficient for relief under an equitable estoppel theory. Moreover, even if Kleinhandler represented to law enforcement officials that he was authorized to act on behalf of the Estate, the Theas did not ascertain this fact until *after* the commencement of this action. Therefore, his representation to law enforcement officials could not have directly and reasonably induced them to forbear from bringing suit.

Finally, due diligence on the part of a plaintiff is a prerequisite to equitable estoppel. *See Bernson v. Browning-Ferris Indus. Of California, Inc.*, 7 Cal. 4th 926, 936, (1994) ("The rule of equitable estoppel includes, of course, the requirement that the plaintiff exercise reasonable diligence."). The proposed

second amended complaint does not even assert when the Theas learned of their

stepmother's death, and it does not allege any facts to show that they acted

diligently in the seventeen months between Frederica's death on February 4, 2012

and their commencement of this action on July 15, 2013.  Indeed, it does not

appear that they made any effort to call, write, email, visit, or otherwise contact

Frederica in that time.

> We conclude that the facts alleged in the proposed second amended
complaint, even if accepted as true, are insufficient to plausibly plead equitable
estoppel.  Accordingly, Kleinhandler is not precluded from invoking the statute
of limitations as a defense.

## CONCLUSION

> For the reasons set forth above, the order of the district court is
AFFIRMED.